UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY WAYNE BRADLEY,

    Plaintiff,

vs.

SAM F. BRADLEY, et al.,

    Defendants.

Case No. 1:15-cv-344

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Ross Correctional Institution in Chillicothe, Ohio, initiated this action on May 26, 2015, by submitting two documents to the Clerk of Court, respectively entitled "Plaintiff's Pro Se Petition For Federal Supervision" and "Petitioner's Pro Se Second Petition For Federal supervision." (Docs. 1, 2). He did not pay the filing fee required to commence a civil action or submit an application for leave to proceed *in forma pauperis*. (Docs. 1, 2). It appeared that plaintiff was requesting this Court to oversee a pending case before the Scioto County Court of Common Pleas pertaining to the estate of Betty Bradley and Kenneth Wayne Bradley. Plaintiff named certain individuals and a law firm as the defendants, but he did not provide their addresses. In addition, plaintiff generally averred that the defendants are "suspected" of "negligently" handling the estate litigation. However, he did not allege any facts in support of his claims, state the specific relief he sought, or allege the basis for the federal Court's jurisdiction over the state-court matter. Because it was not clear from plaintiff's submissions whether he wished to institute a formal civil action against the defendants with this Court, the Court ordered plaintiff to submit a completed and signed complaint form specifically setting forth his claims, the facts in support of his claims, the names of the defendants with their contact information, and the relief

requested. (Doc. 3). Plaintiff was also ordered to either pay the $400 filing fee or submit an *in forma pauperis* application and a certified copy of his prison trust fund account statement within thirty (30) days. (Doc. 3).

In response to the Court's Order, plaintiff filed a complaint (Doc. 8) and a motion for leave to proceed *in forma pauperis* (Doc. 7). Because it appeared from plaintiff's financial affidavit that he had sufficient funds to commence this action, plaintiff's motion for leave to proceed *in forma pauperis* was denied and he was ordered to pay the required filing fee of $400.00 within thirty (30) days. (Order of October 16, 2015, Doc. 20).

On November 17, 2015, plaintiff submitted a notice of filing fee payment and a motion to hold this case in abeyance. (Docs. 22, 23). Plaintiff alleges that as of June 2015, he is indigent and unable to pay the filing fee, and he requests that he not be required to pay the filing fee in this action until the Court enters a judgment on the merits of his complaint. (Doc. 22).

To date, more than thirty days after the Court's October 16, 2015 order, plaintiff has paid only $200 of the full filing fee. Although plaintiff alleges he is now indigent, he has failed to submit any evidence in support of his claim of indigence. Plaintiff's motion to hold this case in abeyance should be denied and this case should be dismissed for plaintiff's failure to comply with the Court's Order to pay the full filing fee. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

Even if the Court were to grant plaintiff leave to proceed *in forma pauperis* at this stage of the proceedings, sua sponte dismissal of his complaint would be warranted for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Plaintiff's complaint names Thurl Kevin Blume, Sam F. Bradley, Preston Walters, and the Blume Law Firm as defendants. (Doc. 8). The complaint is difficult to decipher, but it appears to request "federal supervision and federal relief" over plaintiff's three pending cases in the Scioto County Court of Common Pleas. (Doc. 8, PAGEID#: 139). Plaintiff alleges that the defendants gave him "bad advice" which cost him "$40 million and counting in estates, properties, vehicles, businesses, life insurance policies, etc." (*Id.*). Plaintiff alleges the defendants steered plaintiff away from the plaintiff's "heir positions" which resulted in plaintiff's low esteem of himself. (*Id.*). Plaintiff states that he wishes to appear in federal court to present his interests on the last will and testament of Betty Bradley and Kenneth Wayne Bradly. (*Id.*). He alleges that the "bad advice" he received from the defendants resulted in estate assets going to "the other defendants 'individually' most of the times!" (Doc. 8, PAGEID#: 140). He asks this Court to "take actions to block any more changes in the plaintiff's 'heir positions' in and of the last wills and testaments of Betty Bradley and Kenneth Wayne Bradley therein and herein!!!" (Doc. 8, PAGEID#: 141). As relief, plaintiff seeks over $40 million in damages and the return of the contents of a safe deposit box and a logging business. (Doc. 8, PAGEID#: 142).

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, to the extent plaintiff may be alleging state law claims against defendants and invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State*

*Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and the named defendants are domiciled in Ohio. (*See* Doc. 8, PAGEID#: 135, 138). Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over plaintiff's state law claims.[1]

Second, the Court is without federal question jurisdiction over the complaint. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the allegations of the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, plaintiff's complaint should be dismissed for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.

Third, to the extent plaintiff may be seeking an Order from this Court overturning the actions or judgments of the Scioto County Court of Common Pleas, plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The federal courts lack authority under the *Rooker-Feldman* doctrine to sit as a state appellate court to review state-court determinations. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine "stands for the proposition that a federal

---

[1] Even if this Court had diversity jurisdiction over the matter, the probate exception to subject matter jurisdiction precludes the Court from adjudicating the disposal of property that is in the custody of a state probate court. *See Markham v. Allen*, 326 U.S. 490, 494 (1946); *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007).

district may not hear an appeal of a case already litigated in the state court." *United States v. Owens,* 54 F.3d 271, 274 (6th Cir. 1995). The Supreme Court more recently reaffirmed that the *Rooker-Feldman* doctrine applies where, as here, a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the plaintiff bases his federal claim is a state-court judgment. *Lawrence v. Welch,* 531 F.3d 364, 368 (6th Cir. 2008). "'If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction.'" *Lawrence,* 531 F.3d at 368 (quoting *McCormick v. Braverman,* 451 F.3d 382, 394 (6th Cir. 2006)).

To the extent plaintiff seeks the return of estate assets or other relief relating to the rulings of the Scioto County Common Pleas Court, this federal Court is without jurisdiction over the matter. The concrete actions giving rise to plaintiff's claims for relief arise solely from actions that occurred in the state court probate proceedings in the distribution of estate assets and from the state court's procedural and substantive rulings in those proceedings. Construing the complaint liberally, it can only be interpreted as a request for review of the state court's judgments in the state-court cases. Therefore, plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice:
    a. for failing to comply with the Court's Order to pay the full filing fee; and

      b. for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. Plaintiff's motion to hold this case in abeyance (Doc. 22) be **DENIED**.

3. Plaintiff's pending motions, petitions, and praecipes be **DENIED** as moot (Docs. 1, 2, 15, 16, 17, 18, 21, 26, 27).

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 12/9/15

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY WAYNE BRADLEY,

    Plaintiff,

vs.

SAM F. BRADLEY, et al.,

    Defendants.

Case No. 1:15-cv-344

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).